IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WIDENER MICHAEL WEEMS,<br>TDCJ NO. 1195351,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM STEPHENS, Director,<br>Texas Department of Criminal<br>Justice, Correctional<br>Institutions Division,<br><br>Respondent. | § § § § § § § § § § § § § § | CIVIL ACTION NO. H-13-2931 |

## **MEMORANDUM OPINION AND ORDER**

Widener Michael Weems has filed a federal petition for a writ of habeas corpus challenging a state court felony conviction.[1] The petition will be **DISMISSED** as successive.

Weems' habeas petition challenges a felony conviction and life sentence for murder. State v. Weems, No. 44,301-B (23rd Dist. Ct., Brazoria County, Tex. Sept. 5, 2003). After being found guilty and sentenced by the trial court Weems filed a direct appeal of the conviction, which the Court of Appeals for the Fourteenth District of Texas affirmed. Weems v. State, 167 S.W.3d 350 (Tex. App.-Hous.

---

[1] Weems has submitted a typed petition entitled Motion to Vacate, Set Aside or Correct Sentence, Docket Entry No. 1, p. 1. He has attached a document styled Memorandum in Support of § 2255 Motion to Vacate, Set Aside Sentence. Only prisoners held pursuant to federal convictions can file petitions under 28 U.S.C. § 2255. The court construes Weems' petition as a section 2254 petition because his arguments concern the validity of a state court judgment for which he is currently serving a life sentence.

[14th Dist.] 2005, pet. ref'd). Weems then filed a Petition for Discretionary Review (PDR), which the Texas Court of Criminal Appeals refused. He then filed a Petition for a Writ of Certiorari, which the United States Supreme Court denied on May 15, 2006. Weems v. Texas, 126 S. Ct. 1135 (2006).

Weems filed a state application for a writ of habeas corpus, which the Texas Court of Criminal Appeals denied without a written order. Ex parte Weems, No. 65,256-01 (Tex. Crim. App. Aug. 9, 2006). See Texas Court of Criminal Appeals Website, http://www.cca.courts.state.tx.us/opinions/CaseSearch.asp. He then filed a second state habeas application, which the Court of Criminal Appeals dismissed as successive pursuant to Article 11.07. Ex parte Weems, No. 65,256-02 (Tex. Crim. App. Jan. 17, 2007).

Before filing his current federal habeas petition Weems filed a federal petition for a writ of habeas corpus, which this court dismissed on the merits. Weems v. Thaler, No. H-07-590 (S.D. Tex. Oct. 30, 2009). Weems filed three more state habeas applications, all of which were dismissed as successive by the Court of Criminal Appeals. Ex parte Weems, No. 65,256-05 (Tex. Crim. App. Nov. 9, 2011); Ex parte Weems, No. 65,256-04 (Tex. Crim. App. Apr. 15, 2011); Ex parte Weems, No. 65,256-03 (Tex. Crim. App. July 1, 2009) http://www.cca.courts.state.tx.us/opinions/CaseSearch.asp.

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA) this action is barred as a successive federal habeas challenge to a state court conviction. 28 U.S.C. § 2244(b).

Because of the prior federal petition, Weems must first obtain permission from the United States Court of Appeals for the Fifth Circuit before filing another habeas petition. 28 U.S.C. § 2244(b)(3). There is no indication that the Fifth Circuit has granted permission for Weems to file the current petition. Without such authorization, this action must be dismissed for lack of jurisdiction. Hooker v. Sivley, 187 F.3d 680, 681-82 (5th Cir. 1999).

In addition to being barred as successive, the court also concludes that this action is barred as untimely under the AEDPA because Weems is challenging a conviction that was final more than a year before the filing of this action. See 28 U.S.C. § 2244(d)(1)(A) (one-year limitation period for filing of § 2254 petition after conviction becomes final). Weems' conviction was final on the date the Supreme Court denied his petition for certiorari, May 15, 2006. Medley v. Thaler, 660 F.3d 833, 834 (5th Cir. 2011); Giesberg v. Cockrell, 288 F.3d 268, 270 (5th Cir. 2002). As noted above, Weems filed five state habeas applications and the periods of their pendency tolled the limitations period. 28 U.S.C. § 2244(d)(2). However, the time during which the prior federal action was pending did not toll the limitations period. Duncan v. Walker, 121 S. Ct. 2120, 2129 (2001).

It is not clear from the records available at the Court of Criminal Appeals Website when each of the state habeas applications were filed; however, the last one was dismissed on November 9,

2011. See No. 65,256-05. The pending federal action was filed more than a year after the cessation of the tolling period and, therefore, it is barred by the AEDPA one-year statute of limitations. 28 U.S.C. § 2244(d).

Before Weems can appeal the dismissal of his petition, he must obtain a COA. 28 U.S.C. § 2253. In order to obtain a COA Weems must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000). A COA shall be **DENIED** because this action is clearly barred, and Weems has not made a substantial showing of the denial of a constitutional right. See Resendiz v. Quarterman, 454 F.3d 456 (5th Cir. 2006).

### Conclusion and Order

The court **ORDERS** the following:

1. This petition for a writ of habeas corpus by a person in state custody (Docket Entry No. 1) is **DISMISSED WITH PREJUDICE**.

2. A Certificate of Appealability is **DENIED**.

3. The Clerk will provide a copy of this Memorandum Opinion and Order to the petitioner; and a copy of the petition and this Memorandum Opinion and Order to the Attorney General for the State of Texas.

**SIGNED** at Houston, Texas, on this 9th day of October, 2013.

SIM LAKE
UNITED STATES DISTRICT JUDGE